**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL OULMAN and DEVON THERESA OULMAN,<br><br>Defendants. | CR 26-47-M-WWM<br><br>SCHEDULING ORDER |

Defendant Devon Theresa Oulman made her initial appearance on the Indictment before Judge DeSoto on September 30, 2026. Counsel for the parties participated in a telephonic preliminary pretrial conference on October 13th and,

**IT IS HEREBY ORDERED**:

1. The following schedule will govern all pretrial procedures in this case:

| | |
|---|---|
| Final Pretrial Conference: | November 30, 2026, at 8:30 a.m.<br>Russell Smith Federal Courthouse<br>Missoula |
| Trial Date: | November 30, 2026, at 9:00 a.m.<br>Russell Smith Federal Courthouse<br>Missoula |
| Discovery Deadline: | October 16, 2026 |
| Pretrial Motions Deadline, including motions in limine: | October 19, 2026 |

| | |
|---|---|
| Expert Witness Disclosure Deadline: | November 2, 2026 |
| Motion for Change of Plea Deadline: | November 19, 2026 |
| Any Motion to Continue Trial Deadline*; *failure to comply may subject counsel to sanctions.* | November 19, 2026 |
| Jury Instructions, Trial Briefs, and Trial Notebook Deadline: | November 23, 2026 |
| Deadline for Notice of Intent to Use Real-Time, Present Evidence Electronically, or Video Conferencing for Witnesses: | November 23, 2026 |
| Deadline for Defendant's Exhibits: | November 27, 2026 |
| Plea Agreement Deadline: | 48 hours prior to Change of Plea hearing |

This schedule must be strictly adhered to by the parties.

To efficiently prepare for trial within the times set above,

**IT IS FURTHER ORDERED:**

2. Governing Rules: This case will be governed by current Federal Rules of Evidence and Local Rules of Procedure for the United States District Court for the District of Montana.

3. Discovery: On or before the discovery deadline set above, the

* In a motion to continue the trial, counsel for the moving party must disclose dates which they and opposing counsel are available for trial if the Court grants the motion. The dates should include multiple time blocks adequate to complete the trial between the current trial setting and the moving party's preferred trial setting.

government shall, upon request of the attorneys for the defendants, provide to the defendant all discoverable materials specified in Rule 16(a) of the Federal Rules of Criminal Procedure. The government shall make specific disclosure of its intent to use any statements or confessions made by the defendants. If the defendants question the admissibility of such statement or confession, the hearing required by *Jackson v. Denno*, 378 U.S. 368 (1964), shall be held at least ten days prior to trial.

4. Reciprocal Discovery: Upon compliance by the government with the defendants' discovery request, defendants shall supply reciprocal discovery pursuant to Fed. R. Crim. P. 16(b).

5. Meet and Confer: Counsel for the parties shall confer, prior to the filing of motions, to attempt to reach agreement upon all pretrial motions, including motions for discovery and disclosure. The Government shall provide a proposed stipulation to the Defense regarding the appropriate handling and disposition of discovery materials. The proposed stipulation may be more restrictive than the current discovery disclosure requirements of the Court's Local Rule CR 16. In the event the parties are unable to reach an agreement on the proposed stipulation, either party may file an appropriate motion with the Court.

6. Continuing disclosure: The parties are under a continuing duty of disclosure and discovery of materials set forth herein, pursuant to Fed. R. Crim. P. 16(c). If expert witnesses are engaged, the parties shall fully comply with the requirements of Rule 16(a)(1)(G) and Rule 16(b)(1)(C), respectively.

7. Motions: All pretrial motions, other than a motion to enter a guilty plea, must be filed, along with a brief in support, on or before the motions deadline indicated above. Response and optional reply briefs shall be filed within the time frames set forth in Local Rule CR 47.2. Parties are advised that, pursuant to Local Rule 1.4(b)(5), they shall submit a 3-hole punched paper copy of all filings in excess of twenty pages to Judge Mercer's Chambers. By "filings," the Court means

any combination of a motion, brief in support, attachments or exhibits that when taken together exceed twenty pages.

Suppression Motions: To facilitate hearings on suppression motions, the parties are required to submit supporting factual documentation with motions to suppress - e.g., affidavits, tapes, Miranda waiver forms, etc. Response briefs (and reply briefs, if submitted) should state with particularity the factual issues remaining in dispute for resolution at a suppression hearing.

8. Summons: Any party to a criminal proceeding requesting service of a criminal summons or subpoena by the United States Marshals Service must notify the Marshal of the request, along with all documentation necessary to effectuate service, no later than twenty-one days before the desired date of service. A lesser time period may be allowed only upon motion and good cause shown pursuant to Local Rule CR 17.2. Except for good cause shown, service of subpoenas after said date is the responsibility of counsel.

9. Calling witnesses at trial: When a witness is called to testify at trial, counsel shall provide to the clerk of court four copies of a single page document providing the following information about the witness: (1) the full name and current address of the witness; (2) whether the witness has given a statement (taped), a written statement, an interview with government agents (other than an AUSA), or grand jury testimony; (3) a brief description of the nature and substance of the witness's testimony; (4) a listing of each exhibit to which the witness may refer during direct examination. Witnesses must appear and testify in person unless a party obtains leave of Court for a witness to testify remotely.

10. Writ of Habeas Corpus: Any petition for a writ of habeas corpus ad testificandum or prosequendum, along with a proposed order, must be filed no later than thirty days prior to the trial date for federal inmates, and no later than ten days prior to the trial date for state prison or county jail inmates.

11. Trial Briefs: The United States shall submit a trial brief at the same time jury instructions are submitted. The defendant may submit a trial brief. A trial brief shall include legal authority for the party's position on all legal and evidentiary issues. Trial briefs must be filed with the Clerk of Court and served on the other parties.

12. JERS: The parties shall be prepared to use the Jury Evidence Recording System (JERS). JERS allows jurors to use a touchscreen to see the evidence admitted at trial in the jury room during their deliberations. JERS is NOT designed to present evidence in the courtroom. Counsel are responsible for showing their own exhibits during trial. Detailed information about how to use JERS, including the proper naming convention and form of exhibits, is found on the Court's website, http://www.mtd.uscourts.gov/ under the heading "Attorneys". Parties must submit their exhibits in proper form to the clerk's office no later than one week before trial.

13. Late Plea Agreements: In the absence of a signed plea agreement by the date specified in paragraph 1, the Clerk of Court will order a jury. Except for good cause shown, no plea agreement will be considered by the Court thereafter. Late filing may result in assessment of costs or the loss of the offense level reduction available pursuant to U.S.S.G. §3E1.1. Plea agreements shall state clearly whether they are made pursuant to Rule 11(c)(1)(A), (B) or (C), Fed. R. Crim. P.

14. Jury Selection process: The undersigned will ask questions of the prospective jurors during *voir dire*, but counsel for the parties may be allowed to ask questions as well. If the parties are allowed to ask questions during *voir dire*, only those questions filed with the Clerk of Court by the deadline noted in Paragraph 1 could be posed. A Word version of the document shall be e-mailed to the Chambers of Judge Mercer at wwm_propord@mtd.uscourts.gov. The Arizona Strike method will be used for the parties to execute peremptory challenges. L.R. CR 24.1(b)(2)(B).

15. Joint Proposed Verdict Form: The parties shall submit a joint proposed verdict form with the proposed jury instructions by the date

specified in paragraph 1. If the parties are unable to agree on a verdict form, each party shall submit an individual proposed verdict form.

16. JURY INSTRUCTIONS:

(a) The parties shall avoid filing duplicate instructions by jointly preparing a set of jury instructions upon which they agree (proposed joint instructions). These proposed jury instructions shall include all necessary stock criminal instructions. If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions. No two instructions shall be submitted with the same number.

(b) Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form: By the date set forth in paragraph 1, any party filing electronically shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail Word versions of the same documents, plus a clean copy of each, to wwm_propord@mtd.uscourts.gov.

(c) Supplemental Proposed Jury Instructions and Separate Verdict Forms: By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail Word versions of the same documents, plus a clean copy of each, to wwm_propord@mtd.uscourts.gov.

17. FORMAT OF JURY INSTRUCTIONS

(a) The clean copy shall contain
1) a heading reading "Instruction No. ___";
2) the text of the instruction;
3) no citations or markings other than the text.

(b) The working copy shall contain

(1) a heading reading "Instruction No. ___";
(2) the text of the instruction;
(3) the number of the proposed joint or supplemental instruction;
(4) the legal authority for the instruction;
(5) the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

(c) Jury instructions shall be prepared in Times New Roman Font and 14-point typeface.

18. Final Jury Instructions: The parties are advised that final instructions for submission to the jury will be settled in the courtroom, on the record, prior to closing argument, at which time counsel may present arguments and make objections.

19. Neutral Proposed Jury Instructions: All instructions shall be short, concise, understandable and shall represent neutral statements of the law. Argumentative instructions are improper, will not be given, and should not be submitted. The parties are strongly encouraged to submit proposed instructions taken from the most recent version of the Manual of Model Criminal Jury Instructions for the Ninth Circuit.

20. Modifications: The parties should also note that any modifications of instructions from statutory authority, Ninth Circuit pattern instructions, or DeVitt and Blackmar (or any other form instructions), must specifically state modification made to the original form instruction and the authority supporting the modification.

21. Exhibits: The United States shall use exhibit numbers 1-499 and defendants shall use 500 and up. In no event shall two or more parties use identical exhibit numbers.

Unless otherwise ordered by the court, within ten days of the conclusion of a hearing or trial, a party must file in CM-ECF an electronic version of each documentary exhibit that the party offered or introduced into evidence. For purposes of this rule, only exhibits

which were considered by the judge or jury during the hearing or trial need by filed. *See* L.R. 5.1(b)(1).

22. Judge's Trial Notebook: If the case proceeds to trial, the United States shall prepare and submit three trial notebooks in accordance with the deadline set forth above. The trial notebooks shall include: (1) an index; (2) the charging document; (3) relevant statutes; (4) its trial brief; (5) questions to be posed to prospective jurors in *voir dire*; (6) a witness list; (7) an exhibit list; (8) copies of the government's exhibits; (9) proposed jury instructions; (10) verdict forms; and (11) relevant orders entered in the case. Please ensure that three physical copies of the trial notebook are delivered on the deadline set forth above to the U.S. District Court, District of Montana, c/o Judge William W. Mercer, 201 E. Broadway Street, Ste. 310, Missoula, MT 59802.

23. Juror Lists: Local Rule CR 55.1 requires the Clerk of Court to seal the list of all jurors and prospective jurors called for each criminal case immediately at the conclusion of trial. Such lists shall remain sealed unless otherwise ordered by the Court. All juror lists retained by defense counsel shall not be released to a defendant without express written Order of the Court, upon formal motion.

24. Failure to comply with any of the above requirements may subject the non-complying party and/or its attorneys to sanctions.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED the 14th day of October, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE